## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DUAN OU, ET. AL,<br><br>            Plaintiffs,<br><br>       v.<br><br>FOUNDATIONS BEHAVIORAL<br>HEALTH,<br><br>           Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO. 2:24-cv-05954 |

## <u>MEMORANDUM</u>

Now ripe for this Court's resolution is a discovery dispute regarding two documents: an Incident Report for Incident Date of January 7, 2016 (bates-labeled FBH000205–FBH000206) and an Incident Report for Incident Date of September 21, 2018 (bates-labeled FBH000207–FBH000208).[1]  Defendant argues the documents are privileged pursuant to the Patient Safety and Quality Improvement Act (PSQIA),[2] while Plaintiffs contend that Defendant has failed to qualify for the protection offered by PSQIA.

PSQIA privileges patient safety work product (PSWP) from discovery.  *See* 42 U.S.C. § 299b-22(a)(2) ("patient safety work product shall be privileged and shall not be … subject to discovery in connection with a Federal, State, or local civil, criminal, or administrative proceeding").  PSWP, in turn, is defined as "any data, reports, records, memoranda, analyses (such as root cause analyses), or written or oral

---

[1]    Although there were initially more documents at issue, the parties agree that these are the only two documents still in dispute.  *See* Defendant's Supplemental Brief in Opposition (Supplemental Brief) at 4 (unpaginated) (Dkt. 59); Plaintiffs' Brief in Response (Response) at 2 (Dkt. 60).

[2]    42 U.S.C. §§ 299b-21–299b-26.

statements":

**(i)** which--

    **(I)** are assembled or developed by a provider for reporting to a patient safety organization and are reported to a patient safety organization; or

    **(II)** are developed by a patient safety organization for the conduct of patient safety activities;

        and which could result in improved patient safety, health care quality, or health care outcomes; or

**(ii)** which identify or constitute the deliberations or analysis of, or identify the fact of reporting pursuant to, a patient safety evaluation system.

42 U.S.C. § 299b-21(7)(A). PSWP does not include a patient's medical records, billing or discharge information, information that exists separately from a patient safety evaluation system. *See* 42 U.S.C. § 299b-21(7)(B).

The above definition of PSWP introduces two terms in need of additional clarification. The first is "patient safety organization" (PSO). The statute defines a PSO as "a private or public entity or component thereof that is listed by the Secretary [of Health and Human Services] pursuant to section 299b-24(d) of this title."[3] 42 U.S.C. § 299b-21(4). The second term is "patient safety evaluation system" (PSES), which means "the collection, management, or analysis of information for reporting to or by a [PSO]." 42 U.S.C.A. § 299b-21(6).

There is "is scant case law regarding the PSQIA privilege, and the Third Circuit has never identified the elements that providers must satisfy to establish that

---

[3]    Section 299b-24(d) merely states the Secretary "shall compile and maintain a listing of entities with respect to which there is an acceptance of a certification" in compliance with the statutory requirements for certification. 42 U.S.C. § 299b-24(d).

a document constitutes PSWP[.]" *Est. of Funkhouser by & through Funkhouser v. Delaware Cnty.*, No. 2:24-CV-01091-JDW, 2026 WL 473344, at \*2 (E.D. Pa. Feb. 19, 2026) (Wolson, J.) (footnote omitted).    Nevertheless, a review of the statutory definition of PSWP, quoted above, reveals the following three elements: "1) the information was 'assembled or developed by a provider for reporting to a [PSO]'; (2) the information was 'reported to a [PSO]'; and (3) the information 'could result in improved patient safety, health care quality, or health care outcomes[.]'" *Id.* (footnote omitted) (citing 42 U.S.C. § 299b-21(7)(A)).[4]

Because Defendant is asserting the documents are privileged, it has the burden of proving the privilege applies. *See Zimmerman v. Norfolk S. Corp.*, 706 F.3d 170, 181 (3d Cir. 2013) ("[A] party who asserts a privilege has the burden of proving its existence and applicability.") (citation omitted).  Moreover, evidentiary privileges are interpret[ed] … narrowly" because they "impede[] the search for the truth[.]"  *Id.* (citation omitted).

Turning now to the three statutory requirements of privileged PSWP, Defendant must first show the information was "assembled or developed by a provider for reporting to a [PSO.]" 42 U.S.C. § 299b-21(7)(A)(i)(I).  Next, Defendant must show the reports were in fact "reported to a [PSO.]"  42 U.S.C. § 299b-21(7)(A)(i)(I).  The Court will address these first two elements together.

---

[4]    The parties make extensive reference to state court opinions interpreting PSQIA. *See, e.g.*, Response at 2 (citing *Ungurian v. Beyzman*, 232 A.3d 786, 796 (Pa. Super. 2020) for the proposition that privileged PSWP must (a) be gathered for purposes of reporting to a PSO, (b) analyzed by the provider's PSES, and (c) the information developed by the PSES must actually be reported to the PSO).  The Court reminds the parties that "federal courts owe no deference to a state court's interpretation of a federal statute[.]" *United States v. Miami Univ.*, 294 F.3d 797, 811 (6th Cir. 2002) (citation omitted).  Accordingly, this Court draws the requirements directly from the statutory text.

To demonstrate its compliance with PSQIA, Defendant submitted an affidavit from its Director of Risk Management and Regulatory Compliance, averring "the Incident Reports at issue were created within the Hospital's PSES[,]" both were reported to the PSO, and both were "collected for reporting to a PSO, and were reported to a PSO, with the goal of improving patient safety and health care outcomes." Supplemental Brief, Exhibit A at ¶¶ 4–6.

Plaintiffs do not "contest[] the adequacy of [Defendant's] procedures and policies[,]" acknowledging "Defendant has amply demonstrated that at the time of the two incidents, it had in place the necessary mechanisms and procedures (e.g., a PSES, contract with a certified PSO, etc.) required by PSQIA." Response at 5 n.4. Rather, Plaintiffs insist that "[a]part from a self-serving, conclusory affidavit that is void of any objective proof of compliance," Defendants have not offered "proof that the Incident Reports complied with PSQIA." Response at 4. The Court is inclined to agree. Defendant has not introduced any other evidence to support its claim of compliance. It merely restates some of the statutory language in its affidavit.

Even if Defendant's affidavit was sufficient, Defendant has not complied with the third statutory requirement. The final element requires that the Defendant show the information in the reports "could result in improved patient safety, health care quality, or health care outcomes[.]" 42 U.S.C. § 299b-21(7)(A)(i). Defendant has not addressed this requirement, and following *in camera* review, this Court finds this condition has not been satisfied.[5]

---

[5]   In *Estate of Funkhouser*, the court noted that "[f]or some reason, many of the cases analyzing the reporting pathway ignore the third element." 2026 WL 473344, at *2 n.5. This Court agrees with its colleague: "[T]he plain text of the statute and its structure make clear that whether material constitutes PSWP under Section 299b-21(7)(A)(i)(I) **or** (II) depends on

For the reasons given above, Defendant has not carried its burden of demonstrating the two reports fall within PSQIA's privilege, which—as an evidentiary privilege—must be interpreted narrowly.    The Motion for Reconsideration will therefore be granted.  An appropriate order follows.


DATED: April 23, 2026

BY THE COURT:

_____
GAIL WEILHEIMER            J.

---

whether the information could result in improved patient safety, health care quality, or health care outcomes." *Id.* (emphasis in original); *see also id.* (collecting cases requiring all three elements).

This reading of the text is also more consistent with PSQIA's goal of promoting patient safety.  The privilege afforded by PSQIA serves a similar purpose as does Federal Rule of Evidence 407, which makes subsequent remedial measures taken after an injury inadmissible to prove liability.  The aim is to incentivize improvements that might otherwise be taken as an admission of fault.  For example, if a car is damaged by a property owner's pothole and the property owner filled in the pothole, that subsequent remedial measure would likely be inadmissible.  If, however, the property owner merely made a record of every car damaged in the pothole, that would not serve the law's aim of preventing future losses.  The same logic applies to this third element in PSQIA.  Without it, the PSWP would be of questionable value for improving safety.